## G. W. PECK, Respondent, v. LOUIS LIESMANN, Appellant.

### Springfield Court of Appeals, April 4, 1910.

1. **MUNICIPAL CORPORATIONS: Animals: Impounding Ordinance: Negligence of Owner.** The provisions of an ordinance of a city of the fourth class examined and held to justify the city marshal in taking up and impounding cows found running at large in the city limits, and this regardless of whether or not the animals were at large with the consent or through the fault or negligence of the owner.

2. ———: ———: ———. Where a city marshal discovers cows running at large, in violation of the city ordinance, and proceeds to drive the animals to the city pound, in compliance with the ordinance, the animals are impounded in contemplation of law from the time the marshal took them in his possession with the intent to place them in the pound, and the owner who demands their possession before they reach the pound must, as a condition precedent to their release, pay the marshal his impounding fees.

Appeal from Pulaski Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED (*with directions*).

*Bland, Crites & Murphy* for appellant.

(1) The ordinance is valid. Revised Statutes 1899, sec. 5959; R. S. 1909, sec. 9374. (2) The court erred in rendering judgment against defendant Liesmann in overruling defendant's motion for a new trial and in not sustaining same. Evans v. Holman, 202 Mo. 284; McVey v. Baker, 92 Mo. App. 498; Evans v. Holman, 114 Mo. App. 449.

*Thomas V. Wilson* and *C. H. Shubert* for respondent.

COX, J.—Replevin for possession of two cows: trial by jury; verdict for plaintiff against defendant Liesmann, and he has appealed.

The material facts in this case are not disputed and may be briefly stated as follows: Plaintiff is a resident of the city of Dixon and the owner of the cows involved in this action. Defendant Liesmann, at the time this controversy arose, was marshal of Dixon, and found these cows at large on the streets, took them into his possession and impounded them. On the way to the pound, he met plaintiff who demanded possession of the cows which the marshal refused unless plaintiff would pay the fees for impounding, which plaintiff refused to do and brought this suit. The cows had escaped from pasture without fault on plaintiff's part and he did not know they were at large in the city. Dixon is a city of the fourth class, and Liesmann seeks to justify his retention of the cows under a city ordiance as follows:

Section 1.    It shall be unlawful for the owner of any animal, or animals of the species of horse, mule, ass, cattle, swine, sheep, goats, ducks, or geese, to permit the same to run at large outside of the enclosure of the owner of such animal, or pasture provided for that purpose, and it is hereby made the duty of the city marshal if any of the species of domestic animals aforesaid be found running at large within the city limits, to take up forthwith and restrain the same and place the same in the city pound.   Nothing in this section shall be so construed, however, as to prevent persons from driving any of the above described animals through the city for the purpose of conveying the same to and from pasturage or preventing persons from driving or passing through the city with droves of such animals.

Section 2.    It shall be the duty of the city marshal to keep and maintain, at the expense of the city, a pound for the purpose of impounding all animals found running at large in violation of section 1 of this chapter.

Section 3.    It shall be the duty of the city marshal to give notice of all animals impounded, by posting five written or printed notices in public places, and if the owner of such animals does not appear within fifteen days after notice and pay all costs arising from the taking up of such animal or animals, the marshal shall proceed to sell all such animals at public auction at the city pound.

Section 5.    For enforcing the sections of this ordinance the marshal shall receive the following fees: For impounding each animal taken up, one dollar ($1.00) and to be divided as follows:   Fifty cents to marshal for taking up animal, and the other fifty cents to be paid into the city treasury; For giving owner notice of restraining animals 25 cents; For feeding and watering animals impounded 25 cents per head for each day such animals are restrained within the city pound.

Defendant asked a peremptory instruction to find for him which was refused. He then asked instructions to the effect that the ordinances of Dixon made it the duty of the marshal to take and impound the cows when he found them at large within the city, regardless of whether plaintiff was at fault in their being at large. This the court refused, and submitted the case to the jury upon the theory that the marshal could not take and impound the cows unless they were at large within the city limits by the consent of the plaintiff or through his negligence.

The court evidently took the view as now contended by respondent that this theory was in accord with the proper construction of the ordinance quoted above, and this is the important question to be determined on this appeal. A careful reading of the provisions of sections one and five of the above ordinance will show that they, standing alone, completely justify the position of defendant. [Evans v. Holman, 202 Mo. 284, 100 S. W. 624.]

It is contended, however, by respondent, that section two of the ordinance limits the power of the marshal under section one and restricts his right to impound to those cases in which the animals are at large by the consent, or through the negligence, of the owner. We do not agree with this contention. It will be observed that the ordinance imposes no penalty upon the owner of the animals, even though he may wilfully permit them to run at large. The sole purpose of the ordinance is to prevent animals from running at large upon the streets of the city, and the only means provided for the enforcement of its provisions is by the impounding of them by the marshal. If, when the marshal should find cattle at large in the city, he were required to pursue an investigation to ascertain the owner, and whether or not he was wilfully permitting the cattle to run at large before he could restrain them,

it would impose upon the marshal an unreasonable burden; and then to hold that in case, after said investigation, he should learn that the owner was not at fault, he could not restrain the cattle at all, would be to surrender the provisions of the ordinance nugatory and cause it to fail of its purpose. We are unwilling to give it that construction and shall rule this contention against, respondent.

The point is also made that the defendant voluntarily surrendered the cows to the owner, and then afterward retook them. The respondent asked the trial court to instruct the jury upon that theory which the court refused to do, and, we think, rightly, because there was no evidence on which to base it. The only evidence upon that question was that plaintiff met defendant with the cows before he reached the pound, and, while plaintiff and the marshal were talking about the release of the cows, the cows passed on up the street a short distance and plaintiff told his son to take them home, and the son started to obey this command, but when plaintiff refused to pay the marshal the fees for impounding, he immediately went on and took the cows to the pound and placed them therein. This evidence might warrant the conclusion that the plaintiff made an effort to secure possession of the cows but it would not tend to show a voluntary surrender by plaintiff.

It is claimed, too, that the section of the ordinance providing fees for the marshal is for an actual impounding, and that as plaintiff demanded possession of the cows before they were placed in the pound, the marshal could not demand fees as a condition precedent to the release of the cows. We are cited to no authority to sustain this contention, nor do we think it supported in reason. In contemplation of law the cows were impounded from the time the marshal took them into his possession with the intent to place them in the pound.

We think this case comes squarely within the rule announced in the case of Evans v. Holman, supra, and, on the authority of that case, the judgment will be reversed and the cause remanded with directions to enter judgment for defendant. All concur.